THE N. C. R. R. COMPANY *v.* GEO. W. SWEPSON and others.

After a cause (under our former Equity practice) has been set for hearing in the Court below and transferred to the Supreme Court on appeal, and the rights and liabilities of the parties have been there declared, and the cause remanded to be proceeded in, in accordance with the opinion and decree of the Supreme Court: *It is error* for the Court below to set aside the order setting the cause for hearing, and to give the defendant leave to take additional testimony.

(The case of *Benzien's Executors* v. *Lenoir et al.*, 4 Hawks 403, cited, distinguished from this, and approved.)

MOTION in the cause, heard before *Henry, J.*, at Fall Term, 1874, WAKE Superior Court.

This case is fully reported in 71 N. C. Rep., 350. All other facts necessary to an understanding of the case, are stated in the opinion of the Court at this term.

His Honor allowed the motion and the plaintiffs appealed.

*Moore & Gatling*, for appellants.

*Merrimon, Fuller & Ashe*, contra. Cited *Ashe* v. *Moore*, 2 Murphy, 383; *Austin* v. *Clarke*, 70 N. C. Rep., 458, and *Simonton* v. *Lanier*, 71 N. C. Rep., 498.

BYNUM, J. This was a suit in equity, began under the old system, and was set for hearing at the Fall Term, 1870, of Wake Superior Court, and was heard at the Spring Term, 1874. Upon an appeal of the plaintiffs from the judgment rendered below, the case was heard in this Court, at the June Term, 1874, and is reported in 71 N. C. Rep. 350. This Court then declared the rights of the plaintiff and the liability of the defendants, upon the merits; and the cause was remanded to the Superior Court to the end that it proceed in accordance with the opinion and decree of this Court. Upon this being certified, it became the duty of the Court below, in obedience to the decree, to assess the value of the twenty-three bonds

which had been converted by the defendants, and to give judgment therefor.

But instead of this, when the cause was remanded, a motion was made by the defendant, Swepson, and the Superior Court, in compliance therewith, set aside the order of the Court made at Fall Term, 1870, setting the case for hearing, and also gave the defendants leave to take other testimony.

The judgment of the Supreme Court was thus not only arrested in its execution, but, in effect, a new trial is granted by the subordinate Court, in the face of the opinion and decree of this Court, in this very cause. Of course, no improper object was intended, but that such a practice is allowable, cannot be entertained for a moment. While the cause was pending in the Court below, and prior to the appeal and judgment in this Court, it was competent, in a proper case, for that Court to set aside an order, putting down the case for hearing. But after a party has taken his chances and had an adverse decision, it is against every principle upon which the laws are administered in Courts of justice, that he should be allowed, by such a subterfuge as this, to nullify and defeat the judgment of the Court of last resort. None of the cases cited by the defendants sustain their motion. The strongest is that of *Benzien's executors* v. *Lenoir et al.*, 4 Hawks, 403. But that case has no application, because there the decrees sought to be reviewed were held to be, not decrees of the Supreme, but of the Superior Court, and as such they were re-examinable, by bill or petition, in the Superior Court. The direct purpose of the motion made in the Court below, in our case, was to obtain a re hearing in that Court of a case tried in the Supreme Court and disposed of by a judgment then rendered, and to deprive the plaintiff of the fruits of the recovery. It is the duty of the subordinate Courts not to defeat, but to obey and carry out the decrees of the appellate Court.

There is error.

Per Curiam.                                      Judgment reversed.